# FOURTH DISTRICT, 1895.

FREDERICA HENRY, ADMINISTRATRIX, V. H. P.
DROUGHT ET AL.

No. 587.

1. **Assignment of Error.**—An assignment of error which complains of the action of the court in overruling "defendant's demurrer," where the record shows several demurrers were overruled, is too indefinite to require consideration.

2. **Effect of Appeal from County Court to District Court.**—Where the County Court sustains exceptions to an application for an order to sell mortgaged property belonging to an estate, an appeal from such action carries the whole case to the District Court, to be tried as if originally brought in that court.

3. **Application for Order to Sell Mortgaged Property.**—If such application clearly alleges that the claim was secured by mortgage or deed of trust, and that the claim was allowed by the administratrix, it need not allege that the deed of trust was allowed by the administratrix and approved by the court.

4. **Pleading—Special Exception to Amended Application.**—The fact that an amended application failed to state that it was filed in lieu of the original should be raised by special exception in the trial court, and can not be raised for the first time on appeal.

5. **Evidence—Admissibility of Original Deed of Trust.**—Where a claim was allowed by the administratrix as one of the third class, and approved as such by the judge, this judgment fixed the status and class of the claim, and the fact that it also declared that the claim was evidenced by notes secured by deed of trust, giving names of the parties and place where recorded, was sufficient to admit the original deed of trust in evidence, without its having been filed and notice given.

APPEAL from Duval. Tried below before Hon. A. L. McLEAN.

*Coopwood & Coopwood,* for appellant.—The District Court had appellate jurisdiction only of the matters involved in the question of law decided by the court of original jurisdiction, but did not have any original jurisdiction to try and determine matters of fact which had not been heard, passed upon, or adjudicated in the court a quo. Rev. Stats., arts. 2200, 2204, 2208; Franks v. Chapman, 60 Texas, 46; Heath v. Layne, 62 Texas, 686.

*George B. Hufford,* for appellees.—When a decision sustaining a demurrer to an application for an order of sale under article 2207, Revised Statutes, has been had in the Probate Court and the case is appealed to the District Court, the whole case on law and fact relating to the application shall be tried in the District Court, "as if originally brought in said court," and without regard to the stage it had reached in the Probate Court before appealing. Sayles' Civ. Stats., arts. 2207, 2208; Arredondo v. Arredondo, 25 S. W. Rep., 336; Wiren v. Nesbitt,

85 Texas, 286; Halbert v. Alford, 17 S. W. Rep., 595; Newton v. Newton, 61 Texas, 512; McLane v. Pascal, 62 Texas, 102; Young v. Gray, 65 Texas, 101; Phelps v. Ashton, 30 Texas, 346; Franks v. Chapman, 50 Texas, 51; Kelley v. Settegast, 68 Texas, 13; Heist v. Universalist Convention, 76 Texas, 514; Richardson v. Kenedy, 12 S. W. Rep., 219.

FLY, ASSOCIATE JUSTICE.—Appellees, alleging that they had a claim of the third class secured by a mortgage on certain lands, and that the claim had been approved by the administratrix and allowed by the county judge, made application to the County Court of Duval County for an order to sell the mortgaged land to pay off the debt. It was alleged that the claim consisted of eight promissory notes, one for the principal for $5000, due in 1898, and the other seven for $450, due, the first in 1893, and one each year thereafter until the number was reached. The application was opposed by the administratrix, and exceptions were urged to the same. One of the exceptions was sustained by the county judge and the application dismissed. An appeal was taken to the District Court and the exceptions were overruled, the cause tried, and judgment rendered granting the order of sale. From that judgment an appeal has been perfected to this court.

From the statement of facts, we deduce the following conclusions of facts:

Appellees were the legal owners and holders of eight certain promissory notes executed by Paul Henry, one for $5000, due in 1898, and each of the others for $450, due, the first in October, 1892, and one every year thereafter up to and including 1898. The notes were secured by a deed of trust on land in Duval County, H. P. Drought being the trustee, which deed of trust was duly recorded in Book C, pages 333 to 340, records of Duval County. The first note for $450 became due in October, 1892, and was not paid, and by virtue of a clause in the deed of trust, the whole of the notes were declared due by the holders. In April, 1893, after the whole of the notes had been declared due, as provided in the deed of trust, the maker of the notes and deed of trust died, and his estate was administered upon by Mrs. Frederica Henry.

The claim duly verified, the affidavit stating that it was secured by a deed of trust recorded as above stated, was allowed by the administratrix, and was afterwards, at a regular term of the County Court of Duval County, duly approved by the county judge, the claim placed upon the claim docket, and the judgment of approval declaring the claim to be of the third class, and that it was secured "by a deed of trust made to Henry P. Drought, signed Paul Henry, said deed of trust being of record in Book J, pages 333 to 340, of the records of Duval County," was duly entered upon the minutes of the court. After the proper lapse of time application for an order of sale was made by appellees.

The first assignment presents error in the district judge in overruling "defendant's demurrer to the application of plaintiffs, and in overruling each and every one of the grounds thereof." Reference to the record discloses the fact that there were four special exceptions filed to the application, and the order of the court shows that they were all overruled. To which one of these the term "demurrer" in the assignment of error is intended to apply this court is unable to determine, and the assignment is too indefinite to require consideration by this court. It may be well to say, however, that there was no merit in the exceptions, and they were properly overruled. The appeal from the order of the County Court sustaining exceptions to the application carried the whole case to the District Court, and in compliance with article 2207, Revised Statutes, the only proper mode of procedure was that taken by the court. After overruling the exceptions the District Court had no power to remand the cause to the County Court for a trial, but was compelled to try the case "as if originally brought in such court." Arredondo v. Arredondo (Texas Civil Appeals), 25 S. W. Rep., 336, and authorities therein cited. The application fully describes the deed of trust and notes, and it was not only unnecessary, but the better practice, not to copy them in full in the application nor append them as exhibits thereto. The application clearly alleges that the claim was secured by a mortgage or deed of trust, and that the claim was allowed by the administratrix, and it was unnecessary to allege that the deed of trust was allowed by the administratrix and approved by the court. The fact that the amended application failed to state that it was filed in lieu of an original application of a certain date should have been raised by special exception in the trial court, and can not be raised for the first time on appeal. It would be doing violence to every rule governing presumptions for this court to indulge in the presumption that the amended application was the first paper filed in the cause, and that therefore the notice required by law had not been given.

There was no error in the admission in evidence of the promissory notes with the appended affidavit, the allowance by the administrator, and the approval of the county judge. The claim was allowed by the administratrix as one of the third class, and was approved as such by the county judge, and this judgment of the County Court fixed the status and class of the claim; and it was also declared, that the claim evidenced by the notes, was "secured by a deed of trust made to Henry P. Drought, signed by Paul Henry, said deed of trust being of record in Book J, pages 333 to 340, of the records of Duval County." The original deed of trust was admitted in evidence over objections of appellant, only one of which requires any consideration, which is, that it had not been filed and notice given as required by law. The execution of a deed of trust recorded on certain pages of the records of Duval County, and securing the claim of appellees, had been fully adjudicated by the County Court in passing upon the claim and fixing its class.

The deed of trust so recorded was by the terms of the judgment made a part of it, and it can not be doubted that the record, or a certified copy, could have been introduced in evidence without any proof of execution, and without accounting for the absence of the original. We are of the opinion that it was res adjudicata, that the claim was secured by a deed of trust recorded in a certain book of records; and while it would have been more regular to have introduced the record itself, yet in the absence of objection to the evidence on this ground, the original deed of trust being shown by the certificate of the clerk to have been recorded in Book J, pages 333 to 340, records of Duval County, it was admissible to aid the recitals of the judgment. Suppose a sheriff's deed had been introduced, in which reference, in aid of it, was made to a deed recorded in a certain place, it could not be logically contended that in order to introduce the deed referred to that it would have to be proved up as at common law. The only plausible objections to the introduction of the trust deed in evidence would have been, that the record should have been introduced, or that there was not sufficient proof that it was the same instrument to which reference was made in the judgment, and these objections were not interposed. The objections to the instrument, and in fact the whole of the opposition to the order of sale being placed upon the most technical grounds, we do not feel inclined to extend the scope of the objections, or tender any aid to them not warranted strictly by their language. The affidavit to the claim which was allowed by the administratrix also showed that it was secured by a deed of trust, and there was no attack upon the genuineness of the instrument offered in evidence, and nothing to indicate that it was not the same referred to in the affidavit and judgment. There is no force in the objections to the admissibility of the certified copy of the claim docket and the judgment of the County Court approving the claim.

The judgment of the District Court was, that appellees were entitled to an order of sale of the mortgaged land to satisfy the claim to the extent of $5450, with 12 per cent interest per annum as specified in the contract. The note for $5000 represented the principal of the indebtedness, and the other notes the interest that was to accrue, and only one interest note being due, the court rightly decreed that the judgment should be for the amount of the principal and only that portion of the interest that was due, these two sums to bear the specified rate of interest.

It is not necessary to consider any of the other assignments of error. There is no error in the judgment, and it is therefore affirmed.

*Affirmed.*

Delivered April 3, 1895.